IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARENCE BROWN,

    Petitioner,

v.                                                                                          No. 11-cv-0917 MV/SMV

ERASMO BRAVO, Warden,
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 9] ("Answer"). *See generally* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition"). Respondents contend, and I agree, that several of Petitioner's claims have not been properly exhausted. I find that there are unexhausted claims that are not susceptible to ruling by this Court on the record before it. Thus, I recommend that Petitioner be given certain options to address the presence of unexhausted claims.

**I.**     **Non-Exhaustion**

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court review before a federal court may consider his claims on their merits. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts

are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium) (internal quotation marks omitted); *see Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763, (2011).

Upon review of the Petition and Respondents' answer thereto, the Court finds that three of Petitioner's seven claims are unexhausted. First, Petitioner's Claim One offers assorted allegations of ineffectiveness on the part of his trial counsel. *See* Petition [Doc.1] at 6, 24–39. These ineffectiveness of counsel claims were raised for the first time in Petitioner's state habeas petitioner. *See* [State] Petition for Writ of Habeas Corpus [Doc. 9-3] at 33–34. Second, Petitioner's Claim Three raises allegations pertaining to the prosecution's alleged non-disclosure of information. Petition [Doc. 1] at 9. Petitioner raised these claims in his state habeas petition. *See* [State] Petition for Writ of Habeas Corpus [Doc. 9-3] at 34–35. The state district court summarily denied each of the foregoing claims on September 8, 2011. Order of Summary Dismissal [Doc. 9-3] at 43. Counsel for Respondents indicates that she "contacted the Clerk of the New Mexico Supreme Court to obtain a conformed copy of the Petition [for Writ of Certiorari]" but was informed that Petitioner never sought certiorari after the dismissal. Answer [Doc. 9] at 8, *see also* State Court Docket [Doc. 9-3] at 44–49 (no petition for certiorari listed). Thus, the claims have not been fully exhausted.

Likewise, Petitioner has included a new claim in his Petition never previously presented to the state courts. Specifically, Petitioner's second part of his Claim Two deals with alleged failure to discredit certain government witness testimony and to test seized methamphetamine.

*See* Petition [Doc. 1] at 7, 35–39.  As these claims were never placed before any state court, they are unexhausted and not ripe for this Court's review.

## II.     Addressing Mixed Petitions

Because the Petition includes both exhausted and unexhausted claims, it is a "mixed petition."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (utilizing the phrase "mixed petition").  When a court is presented with a "mixed petition," it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

Because I agree with Respondents that the majority of the Petition consists of admittedly exhausted claims, it appears that dismissal of the petition in its entirety would be inappropriate.  Likewise, I find that ignoring the exhaustion requirement and denying the claims on the merits would be ill-advised given that Respondents' Answer provides no detailed response to the allegations.  *See* Answer [Doc. 9] at 9–12 (noting only non-exhaustion and this Court's options when addressing unexhausted claims).

A stay and abeyance would also be inappropriate.  A stay and abeyance approach should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Nothing in the pleadings before

3

the Court addresses what cause, if any, exists for the delay in bringing the unexhausted claims before the state courts.

As such, I recommend that the Court grant Petitioner the opportunity to amend his federal Petition to withdraw the as-yet unexhausted claims. Because Petitioner has already provided the details he believes to be relevant, *see* Petition [Doc. 1] at 24–39, I will not recommend that Petitioner be permitted to file an entirely new petition. Rather, the best procedure will be to require that Petitioner signify the withdrawal of those claims via a **one-page document**. Petitioner should be granted 30 days within which to file this document. Failure to file within that time will lead to a dismissal of the entire petition.

Petitioner may instead elect to return to a state court to present the unexhausted claims. If he so chooses, this action will be dismissed in its entirety. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitation period would apply to *all* of his claims, even those that are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, No. 04-2252, 130 F.App'x 208, 210, 2005 U.S. App. LEXIS at **4–5 (10th Cir. March 3, 2005) (unpublished) (dismissing a § 2254 petition as untimely under similar circumstances).

### III.     Conclusion

Petitioner's allegations that his counsel was constitutionally ineffective, as detailed in all of Claim One; that his counsel failed to challenge certain state witnesses and test the methamphetamine, as detailed in the latter portion of Claim Two; and that the state improperly failed to disclose certain information, as detailed in County Three; are each unexhausted. Because of that non-exhaustion, I recommend that Petitioner be required to withdraw these

4

claims and proceed only on those that have been exhausted. In the alternative, Petitioner may elect to return to state court, fully aware of the constraints of the relevant statute of limitations, at which time this matter should be dismissed without prejudice.

Wherefore,

**IT IS HEREBY RESPECTFULLY RECOMMENDED THAT:**

(1) If these proposed findings are adopted, Petitioner must file a **one-page certification** stating that he has elected to withdraw his unexhausted claims, **within 30 days** of the District Judge's Order adopting these findings; and

(2) If the proposed findings are adopted and Petitioner fails to file a certificate to withdraw the unexhausted claims within 30 days of the District Judge's Order, he is put on notice that his Petition may be dismissed and that the Antiterrorism and Effective Death Penalty Act's, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), statute of limitations applies to all claims brought in this action.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**